**Netta Lakin, Appellant, v. South Side Elevated Railroad Company, Appellee.**

**Gen. No. 14,455.**

1. APPEALS AND ERRORS—*what question presented upon review of action in giving peremptory instruction.* If a peremptory instruction has been given, the question to be considered on appeal is, was there any evidence given, or any evidence excluded which ought to have been admitted, which with all the inferences properly to be drawn therefrom, tended, if true, to prove the plaintiff's case as set forth in the material allegations of the declaration.

2. NEGLIGENCE—*what tends to establish, in action by passenger.* A space between a car from which a passenger on an elevated train is invited to alight, and the platform, may, under all of the circumstances of the case, constitute such negligence as will justify a verdict in favor of a passenger injured in consequence.

3. PASSENGER AND CARRIER—*care required of latter.* A carrier is required to exercise the highest care which is compatible with the practical and practicable operation of its road.

4. PASSENGER AND CARRIER—*what not contributory negligence by former.* It is not contributory negligence as a matter of law for a passenger in leaving an elevated car to look straight ahead and not downward.

5. JUDICIAL NOTICE—*of what taken.* Judicial notice will be taken of the absence of daylight at a given time of day in a particular month.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed May 3, 1909.

HARPER E. OSBORN, for appellant.

WILLIAM R. MOSS and WILLIAM H. HAIGHT, for appellee; NOBLE B. JUDAH, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This case was taken from the jury in the Superior Court by a peremptory instruction for the defendant. There is only one question, therefore, for us to consider. It is this: Was there any evidence given or any evidence excluded which ought to have been admitted, which, with all the inferences properly to be drawn therefrom, tended, if true, to support the plaintiff's case as set forth in the material allegations of her declaration? Rack v. Chicago City Railway Company, 173 Ill. 289; Woodman v. Illinois Trust & Savings Bank, 211 Ill. 578; Libby, McNeill & Libby v. Cook, 221 Ill. 206.

The material allegations of the declaration, on which the contention between the plaintiff and defendant turns, are these:

In the second count they are that the defendant "carelessly and negligently stopped" its "train at a place where there was a large opening between the platform of said train and the platform of said Twelfth street station, which was unknown to plaintiff," but known to the defendant, by reason whereof the plaintiff, "while attempting with all due care and diligence to alight from said train, stepped in said opening" and was injured.

In the fourth count they are the same, and the addi-

tional one that the defendant invited the plaintiff to get off at its Twelfth street station by announcing the name of the station and opening the gate of said car.

In the fifth count there are the same allegations as in the fourth, and the additional one that it was the duty of the defendant to have good and sufficient light so that the said opening between said platform of said station and the platform of the car on which plaintiff was riding would be plainly visible at all times, but that the train arrived at six o'clock in the evening on November 11th and the platform was dark.

The seventh and last count contains nothing additional to the preceding ones. The plaintiff discontinued as to the first, third and sixth counts.

The evidence tended to show that the plaintiff entered the train of the defendant as a passenger on November 11, 1905, at about 5:30 p. m. at the LaSalle street station on the loop and paid her fare. She had never been on the Elevated Road but twice before and had never got on or off the cars at the Twelfth street station. She entered the car by the front door, walked back in the car to find a seat and found one near the rear door. When the Twelfth street station was reached the train stopped, the guard called out the name of the station and opened the gates. The plaintiff, Mrs. Lakin, stepped to the rear door. On the rear platform there were three or four people standing, who went on further. But at least two or three people besides the plaintiff got off the car, stepping from this rear platform to the platform of the station. They were all ahead of her. The two persons immediately in front of her were women, and one of them wore a long, trailing skirt. The plaintiff looked straight ahead of her on a level, she says, and stepped off the car platform, the gates closing and the train starting as she did so. She did not step on the platform of the station, but fell between that platform and the cars and was injured. At the time she attempted this passage from car to station, the car plat-

form was directly opposite the inside stairway in the platform of the station. The opening into which she stepped (to give the largest distance the evidence tended to show) between the car platform and the station platform, was 20 inches wide.

At the point involved, the Twelfth street station platform was curved. (A map or drawing was shown to the court below, which is not incorporated in the record.) Therefore, whenever a south-bound car stopped so that the rear car platform was opposite the entrance to the station stairway, as it was in the present case, there would be a space of 16 to 20 inches between the rear car platform and the station platform, while the forward or southern portion of the car would be that less distance from the station platform which is the necessary and usual space allowed in running by and standing alongside of a station platform which is straight.

It does not appear precisely on what considerations the trial judge took the case from the jury, but the argument of the defendant's counsel seeks to justify it on two grounds.

It is said, first, that no evidence tending to show negligence on the part of defendant had been offered by the plaintiff; and, second, that the evidence did so clearly show negligence on the part of the plaintiff materially contributing to the injury that there could be no question thereof in the minds of reasonable men. This being so, it mattered not whether the defendant was or was not negligent.

After a careful consideration of the authorities cited and the arguments advanced by appellee, we are unable to assent to either of these positions, and think the case should have been submitted to a jury, both on the question of the alleged negligence of the defendant, and of the alleged contributory negligence of the plaintiff. We shall speak with reserve of the effect of the evidence on our minds not desiring to indicate to what judgment on the evidence our minds inclined. We

do not think there was material error in excluding offered evidence, but we cannot and do not agree with the conclusion of the defendant that proof of the existence of a space between a car, from which a passenger on an elevated train is invited to alight, and a platform, cannot tend to prove negligence to men of reasonable minds. The width of the open space, the cause or necessity for its existence, the degree of light and other concomitant circumstances are to be considered before such a conclusion can be reached.

We have carefully examined and considered the opinions in the various cases cited by the respective parties on this question. We do not purpose to analyze or criticise them herein, but a comparison of them impresses us with the strength of the plaintiff's position, that the true test of actionable negligence in this regard may well be,. whether the highest care which is compatible with the practical and practicable operation of the road has been exercised as to this matter of running the car platform to a line less than a dangerous distance from the station platform. We think the doctrine of the New York and Massachusetts and Illinois cases cited can all be reconciled on this theory.

We do not think that when once the relation of carrier and passenger is established, ordinary as distinguished from the highest care will fulfill the duty of the carrier towards the passenger in the arrangements made for his alighting from the cars. We think the contrary is the case.

The question of contributory negligence we think was also a question for a jury under the circumstances shown by the evidence. The absence of daylight at the given time of day on a November night, in this latitude, is a matter of which the court takes notice. The presence of artificial light, if it existed, we think was a matter to be proved under the conditions shown, if set up by the defendant as proof of contributory negligence on the plaintiff's part. To look straight ahead and not downward is not necessarily (so that no

reasonable minds could come to a different conclusion) negligence in stepping from a car platform which is level with a station platform. It may be, and it may not be, it seems to us, as conditions and circumstances may determine. The analogy between stepping from a necessarily elevated point to the ground, and from a car platform into an opening between that platform and a stationary platform on the same plane, is hardly sound.

As we have said, without intending to indicate our own view of the facts as presented by the plaintiff, or whether, thus presented and undefended, they establish or refute the alleged liability, we do decide that this question is not one which can be treated as one of law only, nor one of mixed law and fact, on which reasonable minds cannot differ.

We think, therefore, it should have been submitted to a jury, and for that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*